UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| F & B ASSOCIATES, INC.,<br><br>                              Plaintiff,<br><br>v.<br><br>SHANE MCKNIGHT, ET AL.,<br><br>                              Defendant. | Case No.:  23-cv-00222-CAB-BGS<br><br>**NOTICE AND ORDER:**<br>**(1) FOR EARLY NEUTRAL EVALUATION CONFERENCE,**<br><br>**(2) SETTING RULE 26 COMPLIANCE AND CASE MANAGEMENT CONFERENCE** |

IT IS HEREBY ORDERED that an Early Neutral Evaluation of your case will be held on **July 21, 2023**, at **2:00 p.m.** before United States Magistrate Judge Bernard G. Skomal **via video conference**.[1] Instructions regarding the videoconference are included below.

**The following are <u>mandatory</u> guidelines for the parties preparing for the Early Neutral Evaluation Conference.**

1.  **Purpose of Conference:** The purpose of the Early Neutral Evaluation Conference ("ENE") is to hold a serious discussion of every aspect of the lawsuit in an

---

[1] The parties may request the ENE/CMC be held in-person. The Court, in its discretion, may convert the ENE/CMC to in-person after reviewing the parties' ENE statements.

effort to achieve an early resolution of the case. All conference discussions will be off the record, privileged and confidential.  Counsel for any non-English speaking parties is responsible for arranging for the appearance of an interpreter at the conference.

2. **All parties, adjusters for insured defendants, and client representatives must participate in the conference and have full and complete authority to enter into a binding settlement at the ENE.**[2]  The purpose of this requirement is to have representatives present who can settle the case during the course of the conference without consulting a superior. Counsel for a government entity may be excused from this requirement so long as the government attorney who participates in the ENE conference (1) has primary responsibility for handling the case; and (2) may negotiate settlement offers which the attorney is willing to recommend to the government official having ultimate settlement authority. Other parties seeking permission to be excused from participating in the ENE must follow the procedures outlined in Judge Skomal's Chambers' Rules. (*See* Judge Skomal's Chambers' Rules II.C.) Failure of any of the above parties to participate in the ENE conference without the Court's permission will be grounds for sanctions.  The principal attorneys responsible for the litigation must also participate and be prepared to discuss all of the **legal and factual** issues in the case.

3. **Confidential ENE Statements Required:**  No later than **July 7, 2023**, the parties must submit confidential statements of seven pages or less to Judge Skomal. Please also attach relevant exhibits.[3] The statement must address the legal and factual

---

[2] "Full authority to settle" means that the individuals at the settlement conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. *Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648 (7th Cir. 1989).  The person needs to have "unfettered discretion and authority" to change the settlement position of a party. *Pitman v. Brinker Intl., Inc.*, 216 F.R.D. 481, 485-486 (D. Ariz. 2003).  The person must be able to bind the party without the need to call others not present at the conference for authority or approval. The purpose of requiring a person with unlimited settlement authority to attend the conference includes that the person's view of the case may be altered during the face to face conference. *Id.* at 486.  A limited or a sum certain of authority is not adequate. *Nick v. Morgan's Foods, Inc.*, 270 F.3d 590 (8th Cir. 2001).

[3] If the ENE statement and attached exhibits exceeds twenty pages, a courtesy copy should be provided.

issues in the case and should focus on issues most pertinent to settling the matter. Statements do not need to be filed or served on opposing counsel. The statement must also include any prior settlement offer or demand, as well as the offer or demand the party will make at the ENE. The Court will keep this information confidential unless the party authorizes the Court to share the information with opposing counsel. **ENE statements must be emailed to efile_Skomal@casd.uscourts.gov.**

4. **New Parties Must Be Notified by Plaintiff's Counsel:** Plaintiff's counsel shall give notice of the ENE to parties responding to the complaint after the date of this notice.

5. **Case Management Conference:** Any objections made to initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)-(D) are overruled, and the parties are ordered to proceed with the initial disclosure process. Any further objections to initial disclosure will be resolved as required by Rule 26 and Judge Skomal's Chambers' Rules regarding discovery disputes. Accordingly:

   a. The Rule 26(f) conference shall be completed on or before **June 23, 2023**;

   b. The date of initial disclosure pursuant to Rule 26(a)(1)(A-D) shall occur before **June 30, 2023**;

   c. A Joint Discovery Plan shall be filed on the CM/ECF system as well as emailed to efile_skomal@casd.uscourts.gov on or before **July 7, 2023**. The plan must be one document and must explicitly cover the parties' views and proposals for each item identified in Fed. R. Civ. P. 26(f)(3). Agreements made in the Discovery Plan will be treated as binding stipulations that are effectively incorporated into the Court's Case Management Order.

In cases involving significant document production or any electronic discovery, the parties must also include the process and procedure for "claw back" or "quick peek" agreements as contemplated by Fed. R. Evid. 502(d). The parties should also address whether an order providing for protection under Rule 502(e) is needed.

Finally, the parties must thoughtfully meet and confer about electronic discovery and include answers to the following questions in the Discovery Plan:

   i.   Are there any preservation issues? If so, what are they and how are the parties addressing the issues;

   ii.  What form of production have the parties agreed to? Are there any disputes with respect to the parties' preferred form of production? What is the parties' positions respecting Metadata;

   iii. Are there any proportionality issues? Specifically address Rule 26(b)(2)(B) relating to inaccessible electronically stored information ("ESI");

   iv.  What have the parties decided regarding the methodologies for identifying ESI for production? For instance, will the parties conduct key word searching, use predictive coding, or other advanced culling techniques.

In the event the case does not settle at the ENE, a Case Management Conference, pursuant to Federal Rule of Civil Procedure 16(b) will be held at the conclusion of the settlement conference.

6. **Requests to Continue an ENE Conference:** Requests to continue ENEs are rarely granted. The Court will, however, consider formal motions to continue an ENE when extraordinary circumstances exist and the other party has no objection. If another party objects to the continuance, counsel for both parties must call chambers and discuss the matter with the research attorney/law clerk assigned to the case before any motion may be filed. **Any request for a continuance must be made as soon as counsel is aware of the circumstances that warrant rescheduling the conference. Requests to reschedule the ENE based on preexisting scheduling conflicts must be raised within 10 days of the Court's issuance of this Order.**

7. **Settlement Prior to ENE Conference:** The Court encourages the parties to work on settling the matter in advance of the ENE Conference. In the event that the

parties resolve the matter prior to the day of the conference, the following procedures must be followed before the Court will vacate the ENE:

      A.    The parties may file a Joint Motion to Dismiss and submit a proposed order to the assigned district judge. If a Joint Motion to Dismiss is filed, the Court will immediately vacate the ENE;

      B.    If the parties settle more than 24 hours before the conference but are not able to file a Joint Motion to Dismiss, they must file a **Joint** Notice of Settlement containing the **electronic signatures of counsel for all settling parties** and must also identify a date by which the Joint Motion to Dismiss will be filed;

      C.    If the parties settle less than 24 hours before the conference, counsel for the settling parties must JOINTLY call chambers and inform the Court of the settlement and receive Court permission not to participate in the ENE.

**Video Conference Instructions:**

8.    The Court will use its official Zoom video conferencing account to hold the ENE. IF YOU ARE UNFAMILIAR WITH ZOOM: Zoom is available on computers through a download on the Zoom website (https://zoom.us/meetings) or on mobile devices through the installation of a free app.[4] Joining a Zoom conference does not require creating a Zoom account, but it does require downloading the .exe file (if using a computer) or the app (if using a mobile device). Participants are encouraged to create an account, install Zoom and familiarize themselves with Zoom in advance of the ENE.[5] There is a cost-free option for creating a Zoom account.

9.    Prior to the start of the ENE, the Court will email counsel for each party an invitation to join a Zoom video conference that they must provide to participating

---

[4] If possible, participants are encouraged to use laptops or desktop computers for the video conference, rather than mobile devices.

[5] For help getting started with Zoom, visit: https://support.zoom.us/hc/en-us/categories/200101697-Getting-Started.

device is plugged in or that a charging cable is readily available during the video conference.

Questions regarding this case or the mandatory guidelines set forth herein may be directed to Judge Skomal's research attorney at (619) 557-2993. Please consult Judge Skomal's rules, available on the Court's website, before contacting chambers with your questions.

**IT IS SO ORDERED.**

Dated: April 25, 2023

_____
Hon. Bernard G. Skomal
United States Magistrate Judge